UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Robin J. Custer, *et al.*,                               Case No. 3:22-cv-1577

         Plaintiffs,

     v.                                                                                         ORDER

Raymond G. Sigler, *et al.*,

         Defendants.

       Plaintiffs Robin J. Custer and Mark A. Custer are residents of Fostoria, Ohio. (Doc. No. 1 at 1). In September 2020, Plaintiffs were operating a motorcycle in Matamoras, Pennsylvania, when their motorcycle was struck by a motor vehicle driven by Defendant Raymond Sigler. (*Id.* at 2). Plaintiffs allege Sigler was delivering meals on behalf of his employer, Defendant Two Rivers Grille, Inc., to customers in Pennsylvania, New York, or New Jersey. (*Id.* at 3). Both Plaintiffs suffered injuries from the collision and seek compensatory damages.

       Defendants filed a motion to dismiss the Complaint for lack of personal and subject matter jurisdiction or, in the alternative, to transfer venue. (Doc. No. 3). Plaintiffs filed a brief in opposition to the motion to dismiss, (Doc. No. 7), and Defendants filed a brief in reply. (Doc. No. 8). On the same day that Defendants filed their reply brief, Plaintiffs filed a motion to transfer this case to the United States District Court for the Middle District of Pennsylvania. (Doc. No. 9).

       Plaintiffs fail to show venue is proper in the Northern District of Ohio. The only connection of this case to this District is Plaintiffs' residence and, conceivably, that Plaintiffs received medical treatment in this District after the accident. This is not sufficient to establish venue

is proper in the Northern District of Ohio. *Vargo v. D & M Tours, Inc.*, No. 4:18-cv-1297, 2019 WL 2009278, at *7 (N.D. Ohio May 7, 2019) (collecting cases).

Section 1406 provides "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). *See also Pittock v. Otis Elevator Co.*, 8 F.3d 325, 329 (6th Cir. 1993) ("[S]ection 1406(a) does not require that the district court have personal jurisdiction over the defendants before transferring the case.") (citing *Goldlawr, Inc. v. Heiman*, 369 U.S. 463 (1962)). I conclude this case shall be transferred to a proper venue rather than dismissed, and therefore deny Defendants' motion to the extent that it seeks dismissal. (Doc. No. 3).

In pertinent part, § 1391 provides that venue in civil litigation lies in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2). Matamoras is located in Pike County, Pennsylvania, which is within the territorial jurisdiction of the United States District Court for the Middle District of Pennsylvania. Therefore, I grant the parties' motions to transfer venue and order the Clerk of Court to transfer this case to the Middle District of Pennsylvania. (Doc. Nos. 3 & 9).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge